UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MIGUEL JOSE GUITRON,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:18-cv-00235-MMD-VPC

ORDER

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Miguel Jose Guitron, a Nevada prisoner. On May 22, 2018, Guitron initiated this action by filing his habeas corpus petition (ECF Nos. 1-1, 1-2), and a memorandum in support of his Petition (ECF No. 1-3).

Guitron did not, initially, pay the filing fee for this action, or apply for *in forma pauperis* status. In an order entered on May 24, 2018, the Court granted Guitron an opportunity to do one or the other. (ECF No. 3.) On June 28, 2018, Guitron filed an application to proceed *in forma pauperis* (ECF No. 4).

The financial information provided with Guitron's application to proceed *in forma pauperis* indicates that he is unable to pay the filing fee for this action. The application to proceed *in forma pauperis* will be granted. Guitron will not be required to pay the filing fee.

The Court has reviewed Guitron's habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will order

1 the Petition served upon Respondents, and will require Respondents to appear, but will
2 not require Respondents to respond to this Petition.
3 　　　　Guitron, who is over 50 years old, is serving sentences that appear to amount to
4 forty-two years to life in prison. Guitron actually filed two petitions (ECF Nos. 1-1 and 1-2),
5 which are similar, but not identical. The petitions include many claims for habeas corpus
6 relief and were filed with a memorandum that is over 200 pages long. The petitions and
7 the memorandum apparently were drafted for Guitron by another prisoner.
8 　　　　The Court will, *sua sponte*, appoint counsel to represent Guitron in this case. While
9 state prisoners applying for habeas corpus relief are not entitled to appointed counsel,
10 unless the circumstances of a particular case indicate that appointed counsel is
11 necessary to prevent a due process violation, the court may appoint counsel at any stage
12 of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*
13 Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th
14 Cir. 1986). The interests of justice weigh in favor of appointment of counsel for Guitron in
15 this case.
16 　　　　It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis*
17 (ECF No. 4) is granted. Petitioner is granted leave to proceed *in forma pauperis*. Petitioner
18 will not be required to pay the filing fee for this action.
19 　　　　It is further ordered that the Clerk of the Court is directed to add Adam Paul Laxalt,
20 Attorney General of the State of Nevada, as counsel for Respondents.
21 　　　　It is further ordered that the Clerk of the Court is to electronically serve upon
22 Respondents a copy of the petition for writ of habeas corpus and supporting
23 memorandum (ECF Nos. 1-1, 1-2, 1-3) and a copy of this Order.
24 　　　　It is further ordered that respondents will have 20 days from the date on which the
25 petition is served upon them to appear in this action. Respondents will not be required to
26 respond to the habeas petition at this time.
27 　　　　It is further ordered that the Federal Public Defender for the District of Nevada
28 ("FPD") is appointed to represent Petitioner. If the FPD is unable to represent Petitioner,

due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent Petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this Order, together with a copy of the petition for writ of habeas corpus and supporting memorandum (ECF Nos. 1-1, 1-2, 1-3).

It is further ordered that the FPD will have twenty (20) days from the date of entry of this Order to file a notice of appearance, or to indicate to the Court its inability to represent Petitioner in this case.

It is further ordered that the Court will establish a schedule for further proceedings in this action after counsel appear for Petitioner and Respondents.

DATED THIS 11th day of July 2018.

_____
MIRANDA M. DU,
UNITED STATES DISTRICT JUDGE